**E-FILED**
Friday, 09 May, 2014  09:36:46 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DAVID L. BERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. No. 13-2262 |
| | ) |
| CHAD W. SHIPLEY, ALISON R. FERGUSON, J. METZLER, JON SWENSON, CHAMPAIGN POLICE DEPARTMENT, CITY OF CHAMPAIGN, CHAMPAIGN COUNTY ANIMAL CONTROL, CHAMPAIGN COUNTY, UNKNOWN DEFENDANTS, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ANSWER TO AMENDED COMPLAINT

NOW COME Defendants, CHAD W. SHIPLEY, ALISON R. FERGUSON, JON SWENSON and the CITY OF CHAMPAIGN, Defendants, by their attorneys, Thomas, Mamer Haughey, LLP, and in answer to the Amended Complaint, state as follows:

### General Facts

1.  Defendants, CHAD W. SHIPLEY, ALISON R. FERGUSON, JON SWENSON and the CITY OF CHAMPAIGN, hereinafter "The Champaign City Defendants," admit that the Complaint states causes of action as set forth in this paragraph.

2.  The Champaign City Defendants, admit that the Plaintiff seeks monetary damages but deny that Plaintiff's rights under the United States Constitution, Illinois Constitution and other state and federal law have been violated.

3. The Champaign City Defendants admit that the Complaint attempts to claim violations of the portions of federal statutes and the United States Constitution as stated in this paragraph.

4. The Champaign City Defendants admit the allegations contained in paragraph 4.

5. The Defendants admit the allegations contained in paragraph 5.

6. The Defendants admit the allegations contained in paragraph 6.

7. The Defendants admit the allegations contained in paragraph 7.

8. The Defendants admit the allegations contained in paragraph 8.

9. These Defendants make no response to this paragraph as it is not directed toward them.

10. These Defendants make no response to the allegations in paragraph 10 as none of the allegations are directed to or about them.

11. These Defendants deny that their actions are as characterized in the Complaint, but admit that at the date and times referred to, Defendant police officers were acting under color of law and pursuant to their authority as public officers.

## General Allegations

12. The Defendants neither admit nor deny the allegations contained in paragraph 12 as they do not have sufficient information to formulate a response.

13. The Defendants neither admit nor deny the allegations contained in paragraph 13 as they do not have sufficient information to formulate a response.

14. The Defendants neither admit nor deny the allegations contained in paragraph 14 as they do not have sufficient information to formulate a response.

15. The Defendants neither admit nor deny the allegations contained in paragraph 15 as they do not have sufficient information to formulate a response.

16. Defendant Officer Shipley admits that he arrived at the scene and witnessed Mr. Lynch and Mr. Kaminski in an argument. Defendant Officer Shipley denies that Plaintiff and Mr. Kaminski immediately complied without objection to his order.

17. Defendants Officer Shipley and Officer Ferguson admit that Officer Shipley was joined by Officer Ferguson and Champaign County Animal Control Officer Metzler shortly after Officer Shipley arrived at the scene. Defendant Shipley admits that he talked to William Lynch and Russell Smith but denies that the discussion was longer than ten minutes. Defendant Champaign Police Officers Shipley and Ferguson admit that no officer approached the residence at that time.

18. Defendant Officer Shipley admits that he spoke with Mr. Miller, but denies that he "cut off" Mr. Miller." Defendant Officer Shipley admits that he did confer with Defendant Ferguson and Defendant Metzler.

19. Defendant Officer Swenson denies that he did any of the actions alleged in paragraph 19 as he was not present at the scene. Defendant Champaign Police Officer Ferguson denies any willful intent to violate any of Plaintiff's rights. Defendant Police Officer Ferguson denies that she approached the residence in order to initiate an action prior to interviewing Plaintiff.

20. Defendant Police Officers Ferguson and Shipley admit that Mr. Kaminski stated he owned the house but did not own the dog. Defendant Police Officers Shipley and Ferguson deny that there was any willful decision on their part to deny any of Plaintiff's rights and deny

any wrongful action in order to secure a high profile vicious dog seizure. Defendants deny the remainder of the allegations contained in this paragraph.

21. Defendant Champaign Police Officers Shipley and Ferguson admit that Plaintiff was asked to step outside and that he admitted that he owned one of the dogs. Defendants Shipley and Ferguson deny that Plaintiff was cut off from making remarks.

22. Defendant Champaign Police Officers Shipley and Ferguson admit that they placed Plaintiff under arrest. Defendants Shipley and Ferguson make no representation as to the actions of Officer Metzler as those allegations are not directed toward them. Defendants deny the remainder of the allegations contained in this paragraph.

23. Defendant Officer Shipley denies that Plaintiff was placed in the squad car in oppressive heat and under direct sunlight. Defendant Shipley asserts that he repeatedly asked Plaintiff if he wanted a window open. Defendants deny the remainder of the allegations contained in this paragraph.

24. Officer Ferguson admits that she entered the residence of Mr. Kaminski. Defendant Champaign Police Officer Ferguson admits that she took a brief statement from Mr. Kaminski but denies that she refused to act on it. Defendant Ferguson denies that she ever ignored Mr. Krumriech.

25. On information and belief, Defendant Champaign Police Officers admit that the State's Attorney dropped criminal charges against the Plaintiff. Defendants neither admit nor deny that Plaintiff's dog now has certain conditions due to his impoundment as they lack sufficient evidence to respond.

26. Defendant, City of Champaign, denies that it took any action to use leverage for a plea agreement but admit that Plaintiff has admitted fault in the prosecution of him for City ordinance violation and that case remains pending.

27. Defendant Shipley and Ferguson deny each and every allegation contained in paragraph 27.

28. Defendant, City of Champaign, denies that it dismissed the complaint without investigation and without following rules.

29. The Defendant, City of Champaign, denies that it established any precedent regarding officer complaints. Defendants admit that the investigation supported Champaign Police Department findings.

30. The Defendants deny each and every allegation contained in paragraph 30.

31. The Defendants neither admit nor deny that Plaintiff's injury recovery has regressed, but deny that any actions on their part contributed to this regression as they do not have sufficient information to formulate a response.

## Causes of Action

### Count One

### Malicious Prosecution Pursuant to Arrest and Summons

32. These Defendants adopt the same responses to the preceding paragraphs as part of their response to paragraph 32.

33. Defendants Shipley and Ferguson deny that they refused or ignored statements or took any actions to obtain a high profile vicious dog seizure.

34. Defendant Shipley denies that he solicited any false statements.

35. These Defendants neither admit nor deny that Plaintiff appeared pursuant to summons on criminal charges which were then dropped by the Champaign County State's Attorney's Office as it lacks sufficient information to form a belief regarding that allegation.

36. Defendant, City of Champaign, denies that it refused to take corrective action for any wrongful purpose.

37. These Defendants admit that Plaintiff was arrested but deny the remaining allegations contained in this paragraph.

38. These Defendants admit that Plaintiff has filed the named actions.

## Count Two

## Intentional Infliction of Emotional Distress

39. These Defendants repeat their responses to the general allegations contained in paragraphs 1-31 as set forth above.

40. Defendants Shipley and Ferguson deny the allegations contained in paragraph 40.

41. Defendants Shipley and Ferguson deny all the allegations contained in paragraph 41.

42. These Defendants deny the allegations contained in paragraph 42.

43. These Defendants make no response to paragraph 43 as it is not directed toward them.

44. Defendants deny that Plaintiff suffered any complications due to offensive behavior of Defendants.

45. These Defendants admit that the Plaintiff has made allegations as set forth in this paragraph but deny the basis for any of these allegations.

## Count Three

## False Arrest Wrongful Seizure

## Fifth and Fourteenth Amendments Violation, 42 U.S.C. 1983

46. These Defendants repeat the responses given to paragraphs 1-31 in the General Allegations above.

47. Defendant Shipley denies each and every allegation contained in paragraph 47.

48. Defendant Shipley denies the allegations contained in paragraph 48.

49. Defendant Shipley denies the allegations contained in paragraph 49.

50. Defendant Shipley denies the allegations contained in paragraph 50.

51. Defendant Shipley denies the allegations contained in paragraph 51.

52. The Defendants deny that any emotions experienced by Plaintiff were a result of any actions by Officer Shipley.

53. Defendant Shipley agrees that the Plaintiff has made the allegations as listed in this paragraph, but denies the basis for any of these allegations.

## Count Four

## Illegal, Wrongful Seizure

## Fifth and Fourteenth Amendments Violation, 42 U.S.C. 1983

54-63. None of these paragraphs make any assertions against these Defendants and, therefore, no response is made.

## Count Five

## Conspiracy Pursuant to 42 U.S.C. 1985 False Arrest

64. The Defendants repeat the responses made to the above paragraphs.

65. Defendants Shipley, Ferguson and Swenson deny that any of their activities were done as conspirators or that any of them engaged in any scheme and conspiracy intending to deprive the Plaintiff of any rights guaranteed to him.

66. These Champaign Police Officer Defendants deny each and every allegation in paragraph 66.

67. These Champaign Police Officer Defendants deny each and every allegation contained in paragraph 67.

68. Defendant Swenson denies each and every allegation contained in paragraph 68.

69. Defendants Shipley, Ferguson and Swenson admit that the allegations seek to state claims under the sections cited, but deny any basis for any of those claims.

## Count Six

## Neglect to Prevent Conspiracy 42 U.S.C. 1986

70. The Champaign City Defendants repeat their responses to all preceding paragraphs.

71. Defendant Ferguson denies each and every allegation directed toward her in this paragraph.

72. Defendant Ferguson denies that her reports were contrary to later completed affidavit but denies that anything included in or about her report violated any rights of the Plaintiff.

73. Defendant Ferguson denies that she chose to ignore any statements by any witnesses.

74. Defendant Swenson denies that he chose not to investigate Plaintiff's complaint.

75. Defendants Ferguson and Swenson deny that any of their actions led to any of the damages alleged by Plaintiff in paragraph 75.

76. Defendants Ferguson and Swenson acknowledge that the Plaintiff has made certain allegations of wrongdoing but deny the basis for any of those allegations.

## Count Seven

### Negligent Training Negligent Supervision 42 U.S.C. 1983

77. Champaign City Defendants repeat their responses to the above paragraphs.

78. Champaign Police Defendants Shipley and Ferguson deny any illegal, unethical or immoral actions and further deny that any of their actions demonstrate a need for comprehensive training.

79. Defendant Swenson denies that he refused to investigate complaints by Plaintiff.

80. Defendant, City of Champaign, denies that any actions taken by any of their personnel show any lack of training.

81. This paragraph is not addressed to these Defendants and, therefore, no response is given.

82. Defendant, City of Champaign, denies that any of Plaintiff's alleged loss was due to any improper actions on its part.

83. Defendant, Champaign County, admits that the Plaintiff alleges certain violations but denies the basis for any of those allegations.

### Count Eight

### Assault

84. Champaign City Defendants reassert the responses to the above paragraphs.

85. Defendants Shipley and Ferguson deny that they falsified any facts of the accident, deny that they arrested Plaintiff without probable cause, deny that they seized Plaintiff in haste, deny that Plaintiff was transported in an unsafe or life threatening manner and further deny that any of their actions resulted in any harm to Plaintiff.

86. Defendant Officers Shipley and Ferguson deny that they illegally touched Plaintiff, David Berg, and deny that Plaintiff, David Berg, was harmed by any touching.

87. Defendants Shipley and Ferguson deny that their actions led to any of the emotional problems of Plaintiff.

88. Defendants admit that Plaintiff has made certain allegations but deny the basis for any of them.

### Count Nine

### Defamation per se

89. The Champaign City Defendants assert the same responses to the above paragraphs as above.

90. Defendants Shipley and Ferguson admit that Plaintiff was arrested for disorderly conduct but deny their action caused any of the further events as alleged in paragraph 90.

91. Defendants Shipley and Ferguson deny that any of their actions were wrongful and deny that they demonstrate any policy or practice of the City of Champaign. The Defendant, City of Champaign, denies that it failed to follow its own rules for any illegal purpose.

92. Defendants Shipley and Ferguson and the City of Champaign deny that any of their actions caused Plaintiff emotional problem.

93. Defendants Shipley, Ferguson and the City of Champaign agree that the Plaintiff has made certain demands but denies the basis for all of them.

**Prayer for Relief**

94. Champaign City Defendants deny the allegations of paragraph 94.

95. Champaign City Defendants deny the allegations contained in paragraph 95.

96. Champaign City Defendants deny the allegations contained in paragraph 96.

97. Champaign City Defendants deny the allegations contained in paragraph 97.

98. Champaign City Defendants deny the allegations contained in paragraph 98.

99. Champaign City Defendants deny the allegations contained in paragraph 99.

100. Champaign City Defendants deny the allegations contained in paragraph 100.

101. Champaign City Defendants deny the allegations contained in paragraph 101.

102. Champaign City Defendants deny the allegations contained in paragraph 102.

103. Champaign City Defendants deny the allegations contained in paragraph 103.

104. Champaign City Defendants deny the allegations contained in paragraph 104.

105. Champaign City Defendants deny the allegations contained in paragraph 105.

106. Champaign City Defendants deny the allegations contained in paragraph 106.

107. Champaign City Defendants make no response to this demand for a jury trial.

WHEREFORE, Defendants, CHAD W. SHIPLEY, ALISON R. FERGUSON, JON SWENSON and the CITY OF CHAMPAIGN, pray that this complaint be dismissed in its entirety and for costs.

Respectfully submitted,

CHAD W. SHIPLEY, ALISON R. FERGUSON,
JON SWENSON and CITY OF CHAMPAIGN

BY: THOMAS, MAMER & HAUGHEY, LLP

s/ David E. Krchak
BY: _____

David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL 61824-0560
Phone: (217) 351-1500
Fax: (217) 351-2169
krchak@tmh-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2014, I electronically filed the foregoing ANSWER TO AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Barbara Joan Mann and David L. DeThorne, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

David L. Berg
2103 Lynwood Dr.
Champaign, IL 61821

s/ David E. Krchak
_____
David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL 61824-0560
Phone: (217) 351-1500
Fax:     (217) 351-2169
krchak@tmh-law.com